NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

12-644

STATE IN THE INTEREST OF

I. L.

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. JC-20110888
HONORABLE HERMAN C. CLAUSE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

SHANNON J. GREMILLION
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, James T. Genovese, and Shannon J. Gremillion, Judges.

APPEAL DISMISSED. JUVENILE-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN FIFTEEN DAYS FROM THE DATE OF THIS DECISION.

Hon. Michael Harson
District Attorney - 15th JDC
P.O. Box 3306
Lafayette, LA 70502-3306
(337) 232-5170
COUNSEL FOR APPELLEE:
        State of Louisiana

Allyson Claire Melancon Prejean
Attorney at Law
P.O. Box 2433
Lafayette, LA 70502
(337) 235-5791
COUNSEL FOR APPELLANT:
        I. L.

**Gremillion, Judge.**

On October 12, 2011, the State filed a petition alleging the Juvenile, I.L., had committed a simple battery, in violation of La.R.S. 14:35. On January 11, 2012, the parties confected an Informal Adjustment Agreement pursuant to La.Ch.Code art. 839. In March, the court held a restitution hearing. In June, this court received an appellate record. On June 12, 2012, this court issued a rule to show cause why the appeal in this Juvenile case should not be dismissed as the underlying action, an Informal Adjustment Agreement, is not appealable. Such an agreement is not an adjudication. La.Ch.Code art. 841(A). This court ordered the Juvenile to reply by June 19, 2012. No reply has been received; therefore, the appeal is dismissed.

The Juvenile-Appellant, I.L., is hereby permitted to file a proper application for supervisory writs, in compliance with Uniform Rules—Courts of Appeal, Rules 4 and 5, no later than fifteen days from the date of this decision. Defendant is not required to file a notice of intent to seek writs nor obtain an order setting return date pursuant to Uniform Rules—Courts of Appeal, Rule 4-3 as we hereby construe the motion for appeal as a timely filed notice of intent to seek a supervisory writ. However, the only issue reviewable pursuant to the Informal Adjustment Agreement would be an alleged violation of La.Ch.Code art. 841(A).

**APPEAL DISMISSED. JUVENILE-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN FIFTEEN DAYS FROM THE DATE OF THIS DECISION.**